The opinion of the court was delivered by
Breaux, J.
The- accused was charged with having committed a rape.
He was found guilty of assault with intent to commit rape, and-, sentenced to two years’ imprisonment at hard labor.
From the verdict and sentence he appeals.
The appeal rests on the overruling of a motion for a new trial.
The grounds are: The misconduct of the jury in that, without an-order of court, they were permitted to have wine brought to them in such quantity as to have occasioned misbehavior; also, that they separated after the judge’s charge and before returning into court, with their verdict.
*588 To sustain the grounds of the motion a number of witnesses were examined at the instance of defendant; none on the part of the State.
The record discloses that one of the jurors wrote an order for two gallons of wine, which he handed to the deputy sheriff in charge of the jury.
The wine was provided. At dinner it was served by another deputy, in about equal quantity to each juror, except one, who does not drink. Two of the deputies also drank of the wine. The whole quantity used was about one gallon.
The remainder was taken away after the dinner by one of the deputies.
The jury did not have any wine before or after the meal.
An attempt was made to prove that one of the jurors was not sober in the room of deliberation. This failed.
Three witnesses for the defendant testify, in positive terms, that he was not under the influence of liquor.
Two others, of his witnesses, testify that the juror was ill, or had an appearance of illness; and one of the two adds, that he did not have an entirely sober look about him.
These witnesses, at the time, were not near this juror; they did not speak to him.
The three other witnesses were the deputy sheriffs in charge of the jury. They were with' him and unhesitatingly assert that he was sober.
The trial judge, in overruling the motion for a new trial, said “that he is informed that it has been for years past the habit to allow jurors to have claret for their dinner.”
The wine should not have been sent to the jury without a special ■order from the presiding judge.
As it was not the cause of any misconduct on the part of the jury, the verdict will not be annulled.
It would be decidedly preferable if, while jurors are entrusted with the consideration of questions involving the life and libert5r of a fellow being, nothing but necessary food were provided.
At any rate, if intoxicating liquors are deemed necessary, they should he procured only on the judge’s order.
We will avail ourselves of this opportunity to state that we adhere strictly to the cases of the State vs. Broussard, 24 An. 83, and State *589 vs. Demareste, 41 An. 413, on the subject, and that in a case at all similar our conclusions would be the same as that arrived at in those cases.
The next ground of the motion for a new trial is not supported by the facts.
It is alleged that one of the jurors was permitted to separate from the jury.
The testimony shows that one of the number at one time while the jury was being conducted by deputies from one apartment to another was a little slow in following. The deputy who was following in the rear urged him on. This can not give rise to serious complaint.
At another time, while the members of the jury'were standing on the gallery projecting in the court room, one of the jurors stepped into one of the jury rooms and washed Ms hands.
The three deputies in charge of 'the jury testify that he was followed by one of their number, and in a few minutes returned.
There is conflicting testimony as to the immediate presence of the officer in the room. It is unimportant, for if the juror was absent at all, it was only for a moment, within view of the .officer. State vs. Johnson, 30 An. 921; State vs. Kennedy, 8 R. 590.
The motion for a new trial was legally denied.
Judgment affirmed.